UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRY JAMES MARSHALL,

      Petitioner,

v.                                            CASE NO. 6:06-cv-1596-Orl-31DAB

JAMES R. MCDONOUGH, et al.,

      Respondents.

_____

## **ORDER**

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 12).  In support of his petition, he filed two memoranda (Doc. Nos. 2 and 4).  Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 24).  Petitioner filed a reply to the response (Doc. No. 26).

      Petitioner alleges four claims for relief in his petition: first, actual innocence; second, that the "state court violated [his] Fourth Amendment right by depriving him to [sic] a [sic] evidentiary hearing on remand on actual innocence raised within double jeopardy claim"; third, that his counsel was ineffective for failing to strike a juror for cause; and fourth, the trial court denied him his right to confront and cross-examine his accuser.[1]

---

[1]In his reply (Doc. No. 26), Petitioner raises a variety of new claims, which Respondents have not had the opportunity to address.  Given this Court's determination that this case was untimely filed, a response to the new claims is unnecessary.

*Procedural History*

Petitioner was charged with two counts of capital sexual battery (counts one and two) and three counts of lewd act upon a child (counts three, four, and five).  After a jury trial, he was found guilty as charged and sentenced to life in prison on the first two counts and concurrent fifteen-year terms of imprisonment on the remaining three counts.  Petitioner filed a direct appeal and, by order dated June 6, 2000, the Florida Fifth District Court of Appeal *per curiam* affirmed.  *Marshall v. State*, 761 So. 2d 1128 (Fla. 5th DCA 2000).  Mandate was issued on June 23, 2000.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on March 8, 2002,[2] which he subsequently amended.  The trial court denied the motion, and Petitioner filed an appeal.  The appellate court remanded one claim because no attachments supported the trial court's decision, but all other claims were affirmed.  *Marshall v. State*, 852 So. 2d 294 (Fla. 5th DCA 2003).  Mandate was issued on September 4, 2003.

On remand, the trial court entered an order granting Petitioner's Rule 3.850 motion and vacated the judgments and sentences as to counts four and five.  Petitioner appealed,

---

[2]This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

and by  order dated March 30, 2004, the appellate court *per curiam* affirmed.  *Marshall v. State*, 871 So. 2d 246 (Fla. 5th DCA 2004).  Mandate was issued on April 16, 2004.

Petitioner filed a second Rule 3.850 motion on April 15, 2004.  On three separate occasions he filed addendums to the motion.  The trial court ultimately denied the motion and addendums finding them to be untimely.  The appellate court *per curiam* affirmed, issuing mandate on May 31, 2005.  *Marshall v. State*, 903 So. 2d 205 (Fla. 5th DCA 2005).

Petitioner filed a Florida Rule of Criminal Procedure 3.800 motion to correct sentence on July 22, 2004, which he amended on October 21, 2004.  The trial court did not address the motion or amendment, and on or about March 3, 2005, Petitioner filed a motion to compel.  By order dated March 8, 2005, the state trial court found that it lacked jurisdiction due to the pending Rule 3.850 appeal and denied the motion to compel without prejudice to be re-filed when the appeal became final.  Petitioner appealed the trial court's order.  Counsel for Petitioner then filed a motion for relinquishment so that the trial court could rule on the pending Rule 3.800 motion.  A variety of motions were filed with the appellate court and, on May 8, 2006, the appellate court dismissed the appeal as moot.

Petitioner filed his first § 2254 petition for federal habeas relief on or about November 17, 2003 (Case Number 6:03-cv-1641-Orl-31DAB).  The case was dismissed without prejudice by order dated January 6, 2004.

Petitioner filed a second federal habeas corpus petition on December 22, 2004 (Case Number 3:05-cv-507-J-99HTS).  On November 4, 2005, the petition was dismissed without prejudice.  The order specifically advised Petitioner that the federal habeas petition would

3

not toll his time for filing a new § 2254 petition.  Petitioner filed an appeal, and on September 6, 2006, the Eleventh Circuit Court of Appeals declined to issue a certificate of appealability.

***Petitioner's Habeas Corpus Petition is Untimely***

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the instant case, the appellate court entered its affirmance on June 6, 2000. Petitioner then had ninety days, or through September 4, 2000, to petition the United States

Supreme Court for writ of certiorari.  *See* Sup. Ct. R. 13.[3]  Thus, under § 2244(d)(1)(A), the

judgment of conviction became final on September 4, 2000, and Petitioner had through

September 4, 2001, absent any tolling, to file a federal habeas corpus petition.  *See Bond v.*

*Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does

not begin to run until the ninety-day period for filing a petition for certiorari with the

United States Supreme Court has expired).   Under the mailbox rule, the instant petition

was not filed until October 4, 2006.   Since the one-year period of limitation ran on

September 4, 2001, Petitioner's October 4, 2006, habeas corpus petition was not timely filed

and must be denied.

The Court is aware that Petitioner filed a variety of state post-conviction matters.

However, because the one-year period expired before Petitioner initiated any of those

actions, the tolling provision of section 2244(d)(2) does not apply to such proceedings.  *See*

*Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after

the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259

---

[3]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).  But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

(11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").[4]

Petitioner appears to claim that the one-year period should be subject to equitable tolling because his mother retained post-conviction counsel who did not file a Rule 3.850 motion within the one-year period. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

In support of his equitable tolling argument, Petitioner cites to the recent case of *Downs v. McNeil*, No. 05-10210, 2008 WL 756348 (11th Cir. Mar. 24, 2008). In *Downs* the appellate court determined that under the "unique way in which the facts allegedly unfolded," extraordinary circumstances that were beyond the petitioner's control led to the untimely filing of his federal habeas petition. *Id.* at *13. Downs, a prisoner on Florida's

---

[4]The Court also notes that Petitioner's prior federal habeas petitions did not toll the one-year period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that § 2244(d)(2) does not toll the limitations period during the pendency of a prior federal habeas corpus petition).

death row, was represented by Florida's Capital Collateral Regional Counsel (CCRC) during his state post-conviction proceedings.  According to Downs, after his Rule 3.850 appeal was denied, but before the federal habeas limitations period began to run, he sent two letters to counsel outlining the history of his case and asking that state and federal habeas petitions be filed.  *Id*. at *2.  Approximately one year after he sent the letters and seven months after the limitations period began to run, counsel sent Downs a draft of a proposed state habeas petition.  *Id*.  Several months later, counsel falsely told Downs that the state habeas petition had been filed.  *Id*.

Six weeks before the federal limitations period was to expire, Downs sent letters to two of his attorneys indicating that he had discovered that his state habeas petition had not been filed and expressing concern about his approaching federal deadline.  *Id*. at *2-*3.  The state habeas petition was then filed on the last day of the federal limitations period.  *Id*. at *3.  While the state habeas petition was pending, Downs again wrote his counsel and asked that a federal petition be filed to protect his interests.  *Id*.  At a subsequent meeting, Downs gave counsel a draft of a habeas petition listing the issues he wished to raise in federal court.  *Id*.  After the meeting, Downs wrote another letter again admonishing counsel to file a federal petition.  *Id*. at *3-*4.  Downs also spoke with a CCRC investigator at the prison, and wrote to another attorney working on his case complaining about the lead attorney and expressing concern about the federal deadline.  *Id*. at *4.  After the Florida Supreme Court denied the state habeas petition, but while the motion for rehearing was pending, counsel returned Downs' draft habeas petition to him.  *Id*.  Counsel did not file Downs'

federal habeas petition until nine days after the Florida Supreme Court denied his motion for rehearing.  *Id.*

The federal district court denied Downs' petition as untimely, citing Eleventh Circuit precedent that mere attorney negligence is not sufficient to warrant equitable tolling.  *Id.* at *5. On appeal, the Eleventh Circuit reiterated that ordinary attorney negligence does not warrant equitable tolling, *id.* at *13, but held that egregious attorney misconduct requires a fact-specific, case-by-case approach to determine whether extraordinary circumstances exist, *id.* at *11.  After noting that counsel's "alleged behavior ran the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit," the appellate court found that Downs' allegations, if true, established extraordinary circumstances beyond his control and due diligence.  *Id.* at *12-*13.

The allegations in the instant case are a far cry from those set forth in *Downs*. Petitioner makes only vague, unintelligible, and conclusory allegations regarding his post-conviction counsel, as follows:

> [B]ecause said attorney's [sic] had superior knowledge, of the material exculpatory evidence and fraud; and tried to help the ones responsable [sic] for using such fraud during Petitioner's trial; that obtained the convictions down below, "Post Conviction attorneys" made attempts to cover-up conviction; to time bar Petitioner from exposing such evidence; Petitioner filed a "Legal Malpractice" lawsuit against said attorneys, using the same material evidence against them again and prevailed in part, in state civil case no.: 03-CA-1192-09-L, which the court found both attorneys "liable for legal malpractice."  See Courts' holdings at Exhibit-CC, at page 4, at Petitioner's Appendix herein.

(Doc. No. 35 at 2.)  In addition, Petitioner asserts that he filed Florida Bar grievances against his two post-convictions attorneys and the Bar found probable cause against both

8

attorneys. *Id.* Finally, Petitioner states that "counsel's flagrant acts of misconduct was [sic] beyond [his] control and unavoidable, even with due diligence." (Doc. No. 39 at 2.)

In support of his contentions, Petitioner submitted several documents. First, he included copies of two letters dated May 5, 2003, from the Florida Bar indicating that the grievance committee found probable cause against his two post-conviction attorneys and advising Petitioner that a formal complaint would be filed and a hearing would be held. (Doc. No. 36, Exhs. AA & BB.)  In addition, he filed a copy of the state trial court's order denying the defendants' motion for summary judgment regarding liability on the claim of legal malpractice. (Doc. No. 36, Exh. CC.) Petitioner also submitted a copy of his mother's cancelled check, dated December 27, 1999, to Russell and Silva, which he asserts is a retainer for post-conviction services. (Doc. No. 40, Exh. DD.) Finally, Petitioner submitted a March 8, 2002, letter from his mother to counsel George H. Russell, indicating that Petitioner filed a Rule 3.850 motion and complaining about counsel's failure to file such a motion. (Doc. No. 40, Exh. EE.)

The information regarding the Florida Bar grievances and the state legal malpractice suit is incomplete. The documents submitted are dated nearly five years ago and do not establish that the grievances were ultimately sustained or that Petitioner prevailed in the suit. Furthermore, the documents do not reveal the substance of the claims made against the attorneys in each action. Nothing in the record, including Petitioner's mother's letter, gives any indication that Petitioner advised, reminded, or even discussed with post-conviction counsel the federal limitations period. In fact, nothing in the record evidences

9

any action by Petitioner to ensure that his federal habeas rights were protected. Petitioner's inaction stands a far cry from the proactive diligence alleged by the petitioner in the *Downs* case. At the most, Petitioner has alleged mere attorney negligence which does not warrant equitable tolling. *See Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Steed v. Head*, 219 F.3d 1298, 1299 (11th Cir. 2000) ("Mere attorney negligence does not justify equitable tolling. ").

Petitioner also contends that he is actually innocent of the crimes for which he stands convicted. According to Petitioner, the victim lied about her prior state of chastity when examined by the doctor. This information was elicited from the doctor at trial. Because the trial court granted the State's motion in limine, Petitioner was precluded from impeaching the statement and presenting evidence of prior sexual activity of the victim. Petitioner argues that this information establishes his actual innocence.

The Eleventh Circuit Court of Appeals has yet to decide whether there is an "actual innocence" exception to the one-year statute of limitations in § 2244. *Helton v. Sec'y Dep't of Corr.*, 259 F.3d 1310, 1315 n.2 (11th Cir. 2001). Assuming such an exception exists, a showing of actual innocence requires a petitioner to present new reliable evidence not presented at trial and to show that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable

doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006).  In order to qualify as "new," the evidence must not have been available at trial and could not have been discovered earlier through the exercise of due diligence. *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005), *cert. denied*, 547 U.S. 1022 (2006).  Furthermore, new evidence that simply sets up a "swearing match" between witnesses, does not establish that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. *Moore-El v. Luebbers*, 446 F.3d 890, 903 (8th Cir.), *cert. denied*, 127 S.Ct. 673 (2006).

In the present case, Petitioner has not presented new evidence; in fact, his sworn affidavit asserts that he and his counsel knew about the evidence at the time of trial.  *See* Doc. No. 28 at 2-3.  Furthermore, the excluded information may have been used for impeachment purposes, but when considered together with the evidence presented at trial Petitioner has not shown that more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  *House*, 547 U.S. at 538.  Petitioner's allegations of innocence are not sufficient to undermine the Court's confidence in the outcome of his criminal proceedings. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995).  Therefore, he does not come under the actual innocence exception, if such an exception exists.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

11

1.      Petitioner's Motion to Expand the Record (Doc. No. 35) is **GRANTED**.  The documents submitted in connection with motion have been considered in the resolution of this case.

2.      Petitioner's Motion to Expand the Record (Doc. No. 39) is **GRANTED in part**. The documents submitted in connection with motion have been considered in the resolution of this case; however, the motion is denied to the extent Petitioner seeks to transfer a document from case number 3:05-cv-507-J-99HTS to this case.

3.      The Petition is **DENIED** and this case is **DISMISSED WITH PREJUDICE**.

4.      The Clerk of the Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 25th day of April, 2008.


Copies to:
sa 4/25
Harry James Marshall
Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE